McKEE, Chief Judge,
concurring.
Given the controlling legal principles, I reluctantly agree with my colleagues’ conclusion that we must deny this petition for review. My reluctance is based upon the incredibly unfortunate manner in which this matter has been handled and the human cost that may well be visited on Mr. Alvarado as a result.
Alvarado was born in 1936, and he entered the United States without inspection on or about November 1, 1993 when he was 57 years old. He filed his application for asylum, withholding of removal and CAT relief in 1994, within one year of his entry. It is not entirely clear when he was initially interviewed by an asylum officer after he filed his applications for relief. In any event, Alvarado was not charged with being removable until September 28, 2007, and did not receive a hearing before an Immigration Judge until September 9, 2008. He was then 71 years old. He has never left the United States since the date of his illegal entry, and he is now 74 years old.
In his brief in support of his petition for review, Alvarado notes that “he was not interviewed by the former INS or by US-CIS until more than fourteen years after he entered the United States.” Alvarado’s Br. at 6. He then contends that “[a]s an older man, his testimony at times seems vague without much detail. Although he may not remember many of the details what he does remember is that he is afraid, and he feels afraid based on his past experiences.” Id. at 6-7.
I take this to mean that Alvarado is suggesting, however inartfully, that he was somehow prejudiced by the 14 year delay *676 in having an interview or a hearing on his applications for relief from removal. Indeed, the government seems to think so as well. In its brief, the government writes: “Contrary to his assertion in his brief that he is being penalized for not having an asylum interview sooner, his claim is without merit.” Government’s Br. at 10. The government then explains why Alvarado has been neither penalized nor prejudiced by the delay in having an interview or hearing. Id. at 10-13.
I must reluctantly agree that, based on the record here, Alvarado was not penalized or prejudiced by the 14 year delay. Nevertheless, the cavalier manner in which this case has been handled should be an embarrassment to the government. Yet, even now, the government does not bother to explain why it has taken 14 years for it to provide Alvarado with a forum to present his timely filed application for relief. As I have just noted, Alvarado has been in the United States since 1993. It is fair to assume that, during the more than 14 years that he has resided in the United States, Alvarado has established community ties which will surely be broken by his forced removal to Guatemala.
I realize that Alvarado does not suggest that the delay in removing him somehow establishes a defense to removal or a right to asylum. I also realize that any such claim would surely fail. However, if this case did not involve the government acting as a sovereign, I think there would be a strong argument that the delay bars the government’s attempt to remove him. See United States v. Angell, 292 F.3d 333, 338 (2d Cir.2002) (“[Ljaches is not available against the federal government when it undertakes to enforce a public right or protect a public interest.”), see also Costello v. United States, 365 U.S. 265, 281-82, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961) (noting that “[i]t has consistently been held in the lower courts that delay which might support a defense of laches in ordinary equitable proceedings between private litigants will not bar a denaturalization proceeding brought by the Government.”).
Nevertheless, I find the government’s indifference here and the offhanded manner in which it does not even attempt to explain or justify the unconscionable delay in removing Alvarado troubling. The government has not only failed to provide Alvarado a forum for his asylum claim within a reasonable time, it now apparently thinks that it is appropriate to forcibly return him to the land he fled 14 years ago without even bothering to explain the delay or offer any reason for it.
I can only hope the unconscionable manner in which Alvarado’s asylum claim has been handled is unique. It is not at all difficult to imagine a case in which an aged petitioner suffering from dementia (or some other debilitating infirmity that can march concomitantly with the passage of time) could be deprived of relief merely because of the toll occasioned by the delay in providing a forum. Regrettably, asylum seekers in that position may have no recourse other than the discretion of governmental officials responsible for deciding who will be served with a Notice to Appear. Although I certainly do not assume that situations such as this will always go unrecognized, the circumstances here do not give me a great deal of confidence in the manner in which these decisions are made.